UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
(FILED ELECTRONICALLY)

CIVIL ACTION NO. __4:19-CV-148-JHM__

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.

WILLIAM S. BOOTH, JR.                                       DEFENDANTS
4627 Mill Spring Circle
Owensboro, KY 40303

JAMIE NICHOLE WINTERS
A/K/A JAMIE NICHOLE BOOTH, as
 spouse of WILLIAM S. BOOTH, JR.
4013 Cadillac Avenue
Bowling Green, KY 42104-7656

DISCOVER BANK
SERVE: Lloyd & McDaniel, PLC
P.O. Box 23200
Louisville, KY 40223-0200
Attorney for Judgment Creditor

COMMONWEALTH OF KENTUCKY
SERVE: Attorney General
700 Capitol Avenue, Suite 118
Frankfort, KY 40601-3449

CACH, LLC
SERVE: Taylor Law PLLC
P.O. Box 436709
Louisville, KY 40253-6709
Attorney for Judgment Creditor

ATLANTIC CREDIT AND
FINANCE SPECIAL FINANCE UNIT, LLC
SERVE: Lloyd & McDaniel, PLC
P.O. Box 23200
Louisville, KY 40223-0200
Attorney for Judgment Creditor

DAVIESS COUNTY FISCAL COURT
SERVE: Al Mattingly, as
Daviess County Judge/Executive
P.O. Box 1716
212 St. Ann Street
Owensboro, KY 42303
Or,
SERVE: Claude Porter, as
Daviess County Attorney
212 St Ann Street # 202
Owensboro, KY 42303

## COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      RHS is the holder of a promissory note ("the Note") executed for value on May 29, 2009 by Defendant **William S. Booth, Jr.** ("the Borrower").  The principal amount of the Note was $83,500.00, bearing interest at the rate of 4.6250 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on June 1, 2009, in Mortgage Book 1698, Page 281, in the Office of the Clerk of Daviess County, Kentucky.  Through the Mortgage, the Borrower, unmarried, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 4627 Mill Spring Circle, Owensboro, Daviess County, Kentucky (the "Property") and described in

more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.      To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage.  On July 3, 2017, the Borrower filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 17-40681.  The Bankruptcy Court granted the Borrower a discharge from personal liability on November 7, 2017.

7.      The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

8.      RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

9.      In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

10.     The unpaid principal balance on the Note is $72,928.80 with accrued interest of $12,179.62 through October 8, 2019 with late charges in the amount of $81.98, and fees assessed of $5,782.75, for a total unpaid balance of $90,973.15 as of October 8, 2019.  Interest is accruing on the unpaid principal balance at the rate of $9.9206 per day after October 8, 2019.

11.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12.     The Mortgage granted to RHS by the Borrower is a purchase money mortgage. The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

13.     Defendant **Jamie Nichole Winters a/k/a Jamie Nichole Winters** may claim a spousal interest in the Property by virtue of her marriage to **William S. Booth Jr.** on June 18, 2011, following his acquisition of the Property.  The interest of **Jamie Nichole Winters a/k/a Jamie Nichole Winters** is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

14.     Defendant **Discover Bank** may claim an interest in the Property by virtue of a Judgment Lien recorded on April 20, 2015, in Miscellaneous Book 231, Page 26 in the Daviess County Clerk's Office.  A copy of the Judgment Lien is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

15.     Defendant the **Commonwealth of Kentucky** may claim an interest in the Property by virtue of a Notice of Recoupment Lien recorded on September 16, 2015, in Miscellaneous Book 233, Page 803 in the Daviess County Clerk's Office.  A copy of the

4

Recoupment Lien is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

16.     Defendant **Cach LLC** may claim an interest in the Property by virtue of a Judgment Lien recorded on March 25, 2016, in Miscellaneous Book 237, Page 130 in the Daviess County Clerk's Office.  A copy of the Judgment Lien is attached as **Exhibit F** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

17.     Defendant **Atlantic Credit & Finance Special Finance Unit, LLC** may claim an interest in the Property by virtue of a Judgment Lien recorded on September 28, 2016, in Miscellaneous Book 240, Page 671 in the Daviess County Clerk's Office.  A copy of the Judgment Lien is attached as **Exhibit G** and incorporated by reference as if set forth fully herein. The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

18.     Defendant **Daviess County Fiscal Court** may claim an interest in the Property by virtue of a Lien for Common Expenses recorded on June 21, 2017, in Miscellaneous Book 245, Page 794 in the Daviess County Clerk's Office.  A copy of the Lien is attached as **Exhibit H** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in

rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

19.    Defendant **Daviess County Fiscal Court** may claim an interest in the Property by virtue of a Lien for Common Expenses recorded on July 18, 2017, in Miscellaneous Book 246, Page 245 in the Daviess County Clerk's Office.  A copy of the Lien is attached as **Exhibit I** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

20.    Defendant **Daviess County Fiscal Court** may claim an interest in the Property by virtue of a Lien for Common Expenses recorded on August 22, 2017, in Miscellaneous Book 247, Page 103 in the Daviess County Clerk's Office.  A copy of the Lien is attached as **Exhibit J** and incorporated by reference as if set forth fully herein.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

21.    There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.    Judgment against the interests of the Borrower in the Property in the principal amount of $72,928.80, plus $12,179.62 in accrued interest as of October 8, 2019, and late charges in the amount of $81.98, and fees assessed of $5,782.75, for a total unpaid balance due of $90,973.15 as of October 8, 2019, with interest accruing at the daily rate of $9.9206 from

October 8, 2019, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

  b.  That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

  c.  That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

  d.  That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

  e.  That the Property be adjudged indivisible and be sold as a whole; and

  f.  That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney

s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:   502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

7

1

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

WILLIAM S. BOOTH, JR., ET AL.

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   DAVIESS
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☑ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure |   28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☑ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN     (Place an "X" in One Box Only)

☑ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**
$90,973.15

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☑ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10/28/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #               AMOUNT                    APPLYING IFP                    JUDGE                         MAG. JUDGE

06/03/2009  10:13   12708253120                    MADISONVILLE                              PAGE  09/32

*Original*

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL HOUSING SERVICE**

**PROMISSORY NOTE**

JUN 2 - 2009

**SATISFIED**

Type of Loan   SECTION 502

Loan No.   ▉▉▉▉▉▉

Date: ___05/29___ 20 _09_

This _____ day of _____, 20 _____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

4627 Mill Spring Circle
                                                    (Property Address)
Owensboro                          Daviess                          KY
   (City or Town)                    (County)                       (State)

**BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ _83,500.00_ (this amount is called "principal"), plus interest.

**INTEREST.** Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of _____4.6250_____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

**PAYMENTS.** I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _396_ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in _____396_____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _28th_ day of each month beginning on ____June 28____ 2009 and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on _May 29_, _2042_, I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ _411.54_ , I will make my monthly payment at _the post office address noted on my billing statement_ or a different place if required by the Government.

**PRINCIPAL ADVANCES.** If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

**HOUSING ACT OF 1949.** This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

Exhibit A

Account #  ███████

**LATE CHARGES.** If the Government has not received the full amount of any monthly payment by the end of ___15__ days after the date it is due, I will pay a late charge. The amount of the charge will be _____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

**BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

**ASSIGNMENT OF NOTE.** I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

**CREDIT ELSEWHERE CERTIFICATION.** I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

**USE CERTIFICATION.** I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY.** If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

**REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT.** I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

**SUBSIDY REPAYMENT AGREEMENT.** I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

**CREDIT SALE TO NONPROGRAM BORROWER.** The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

**DEFAULT.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account #

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 _____ , or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING:** Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

_William S. Booth JR._                          _____
                        Seal                                        Seal
Borrower William S. Booth Jr                    Borrower

_____                     _____
                        Seal                                        Seal
Borrower                                        Borrower

| RECORD OF ADVANCES |||||| |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

3

AFTER RECORDING RETURN TO:
FOREMAN WATSON LAND TITLE, LLC.
Mail    830 FREDERICA ST.
OWENSBORO, KY 42301

8314

BOOK 1698 PAGE 281

Form RD 3550-14 KY
(Rev. 12-05)

[Space Above This Line For Recording Data]

Form Approved
OMB No. 0575-0172

United States Department of Agriculture
Rural Housing Service

# MORTGAGE FOR KENTUCKY

THIS MORTGAGE ("Security Instrument") is made on **May 29, 2009**                [Date]
The mortgagor is
    **William S. Booth, Jr., single**                                    ("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United
States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States
Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note")
which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and
payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| May 29, 2009 | $83,500.00 | May 29, 2042 |

This Security Instrument secures to Lender:  (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the
property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument
and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to
42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant, and convey to Lender the following described
property located in the County of        Daviess                , State of Kentucky :

which has the address of    4627 Mill Spring Circle,                Owensboro  [City]
                                         [Street]
Kentucky        42303   ("Property Address");
                 [Zip]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF AND INCORPORATED HEREIN BY
REFERENCE

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a
valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete
this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching
existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Page 1 of 6

Exhibit B

BOOK **1698** PAGE **282**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.
2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice

Page 2 of 6

BOOK **1698** PAGE **283**

identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the property.

5.  Hazard or Property Insurance.  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires.  The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.  If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgage clause.  Lender shall have the right to hold the policies and renewals.  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices.  In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.  Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower.  If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds.  Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due.  The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments.  If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6.  Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property.  Borrower shall maintain the improvements in good repair and make repairs required by Lender.  Borrower shall comply with all laws, ordinances, and regulations affecting the Property.  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest.  Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest.  Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note.  If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7.  Protection of Lender's Rights in the Property.  If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property.  Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs.  Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8.  Refinancing.  If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

9.  Inspection.  Lender or its agent may make reasonable entries upon and inspections of the Property.  Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10.  Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and

Page 3 of 6

BOOK 1698 PAGE 284

shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

15. Borrower's Copy. Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.

17. Nondiscrimination. If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

18. Sale of Note; Change of Loan Servicer. The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice

Page 4 of 6

BOOK **1698** PAGE **285**

will state the name and address of the new Loan Servicer and the address to which payments should be made.

19. **Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosures of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

21. **Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the Property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the Property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

23. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the Property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

24. Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which Lender may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the Property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

25. **Release.** Upon termination of this mortgage, after payment in full, the mortgagee, at Borrower's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

26. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider     ☐ Planned Unit Development Rider     ☐ Other(s) [specify]

Page 5 of 6

BOOK **1698** PAGE  **286**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument

_William S Booth JR_ [SEAL]
William S. Booth, Borrower
_____ [SEAL]
Borrower

STATE OF KENTUCKY                    }
COUNTY OF __DAVIESS__                } ss :                    **ACKNOWLEDGMENT**

Before me, __JAMES S WATSON__ , a Notary Public in and for the County of __Daviess__ , personally appeared __William S. Booth, Jr., single__ who acknowledged that __he__ executed the foregoing instrument on the __29th__ day of __May__ , 2009 ' as _____ free act and deed.

WITNESS my hand and official seal this __29th__ day of __MAY__ , 2009

[SEAL]                                                        _James S WA_
                                                               Notary Public
                                                               5/19/2010 My commission expires

**PREPARER'S STATEMENT**
The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of:

                                                       _James WA_
__James S. Watson__                                    (Signature)
(Name)

__Foreman Watson Land Title LLC, 530 Frederica Street, Owensboro, KY 42301__
(Address)

**RECORDER'S CERTIFICATE**

STATE OF KENTUCKY                    }
COUNTY OF __Daviess__                } ss :

I, __Daniel 'O' Osborne__ , Clerk of the County Court for the County aforesaid, do certify that the foregoing mortgage was on the __1st__ day of __June__ , 2009 lodged for record __I__ at __31__ o'clock __P__ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this __1st__ day of __June__ , 2009 .

                                           _Daviess_
                                           Clerk of         County Court
                                           By _Janell Evans_ , D.C.

Page 6 of 6

BOOK **1698** PAGE  **287**

Exhibit "A"

Purported address:  4627 Mill Spring Circle, Owensboro, Kentucky 42303

Being Lot 61 in Unit 3 of The Old Mill Subdivision, in Daviess County, Kentucky, a plat of which is of record in Plat Book 12 at page 160, in the Daviess County Clerk's Office, to which plat this reference is made for a more particular description of the property.

AND BEING the same property conveyed to William S. Booth Jr., single, by Deed from Derrick L. Stracener and April Stracener, husband and wife, dated _May 29_____, 2009, of record in Deed Book _861_, page _291_, in the Office of the Daviess County Clerk.


_William S. Booth Jr._
William S. Booth Jr.


Prepared by:

James B. Watson
Foreman Watson, LLP
530 Frederica Street
Owensboro, Kentucky 42301
(270)689-2412

06/03/2009  10:13   12708253120          MADISONVILLE                    PAGE  18/32

Original

Form RD 3550-12          United States Department of Agriculture      JUN 2 - 2009
(Rev. 9-06)                    Rural Housing Service                  Form Approved
                                                                     OMB No. 0575-0172

## SUBSIDY REPAYMENT AGREEMENT                            Account #  ███████

Only one agreement should be executed by the subject borrower for the subject property. The agreement is completed at the closing of the first Agency loan to the borrower regardless of whether or not they qualify for payment assistance at that time.

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due.  If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but; payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full.  In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Calculating Original Equity.

For Self-Help loans, the market value is the appraised value as determined at the time of loan approval/obligation, which is subject to completion per plans and specifications.  If the house is not ultimately furnished under the Self-Help program, an amended agreement using the market value definition for all other transactions as outlined below must be completed.

For all other transactions, the market value is the lower of the:

     Sales price, construction/rehabilitation cost, or total of these costs, whichever is applicable
     OR
     Appraised value as determined at the time of loan approval/obligation.

If the applicant owns the building site free and clear or if an existing non-Agency debt on the site without a dwelling will not be refinanced with Agency funds, the market value will be the lower of the appraised value or the construction cost plus the value of the site.

Market value of property located at:
__4627 Mill Spring Circle__
__Owensboro, KY   42303__                    $ 83,000.00

Less Prior Liens                    $ _____    Held by _____
                                    $ _____    Held by _____
Less Subordinate Affordable Housing Products   $ _____   Held by _____
                                    $ _____    Held by _____

Less Rural Development Single Family Housing Loans   $ 83,500.00
Equals Original Equity (If negative number use "0")  $ 0.00

Percent of Original Equity            $ 0.00    %
(Determined by dividing original equity by the market value)

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Exhibit C

5.

| months loan outstanding | 1 % | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
|---|---|---|---|---|---|---|---|---|
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

Average interest rate paid

6. Calculating Recapture

Current Market value

LESS

Original amount of prior liens and subordinate affordable housing products,
RHS balance,
Reasonable closing costs,
Principal reduction at note rate,
Original equity (see paragraph 3), and
Capital improvements (see 7 CFR part 3550).

EQUALS

Appreciation value. (If this is a positive value, continue.)

TIMES

Percentage in paragraph 4 (if applicable),
Percentage in paragraph 5, and
Return on borrower's original equity (100% - percentage in paragraph 3).

EQUALS

Value appreciation subject to recapture. Recapture due equals the lesser of this figure or the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower | Date |
|---|---|
|  | 05-29-2009 |
| Borrower  William S Booth JR | Date |
|  | 05-29-2009 |

DAVIESS COUNTY
**MC231   PG26**

No. 15-CI-00193

DAVIESS CIRCUIT COURT
DIVISION  1

DISCOVER BANK
6500 New Albany Road
New Albany, Ohio, 43054

PLAINTIFF

### NOTICE OF JUDGMENT LIEN

vs.

WILLIAM S BOOTH JR          * * * * * * * *          DEFENDANT

   Take notice that the above referenced Plaintiff obtained a Judgment against the above referenced Defendant in the above Court, for the sum of $7,369.36 with interest accruing at the rate of 0% per annum from April 1, 2015, plus all costs expended, and as security for said Judgment levies on all of the right, title and interest of the Defendant, WILLIAM S BOOTH JR, in and to any real property located in Daviess County, Kentucky.

### NOTICE

**NOTICE TO JUDGMENT DEBTOR.** You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice.

   KRS 427.060: "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000.00 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

### CERTIFICATE OF SERVICE

   This is to certify that a copy of the foregoing was mailed on 5/15/15 to WILLIAM S BOOTH JR, at the last known address, in compliance with KRS 426.720/1 (c)

**ATTORNEY FOR THE PLAINTIFF:**                     **PREPARED BY:**



Katie Carbone                                      Katie Carbone
LLOYD & McDANIEL, PLC                              LLOYD & McDANIEL, PLC
P.O. Box 23200                                     P.O. Box 23200
Louisville, KY  40223-0200                         Louisville, KY  40223-0200
(502) 585-1880                                     (502) 585-1880

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

DS10512/P603XA/KN



DOCUMENT NO: 150164
RECORDED: April 28,2015 10:05:00 AM
TOTAL FEES: $13.00
COUNTY CLERK: DAVID OSBORNE
DEPUTY CLERK: BOBI MEYERS
COUNTY: DAVIESS COUNTY

BOOK: MC231   PAGES: 26 - 26

Exhibit D

UI-S20 (REV. 10/2008)

BOOK         PAGE
NOTICE OF RECOUPMENT LIEN

| | |
|---|---|
| | LIEN NO. 386515 |
| COMMONWEALTH OF KENTUCKY | SOC. SEC. NO. XXX-XX-6558 |
| DIVISION OF UNEMPLOYMENT INSURANCE | EFFECT. DATE OF CLAIM 01-05-14 |
| | CLAIM TYPE UI          L.O. 54 |
| | ESTABLISHED OP DATE 05-04-15 |

WILLIAM BOOTH
4627 MILL SPRING CIRCLE                                    DAVIESS COUNTY
                                                          MC233    PG803
OWENSBORO              KY 42303-2324

PURSUANT TO KRS 341.415 AND KRS 341.310, NOTICE IS HEREBY GIVEN THAT_____WILLIAM BOOTH
OF DAVIESS          COUNTY____, AN UNEMPLOYMENT CLAIMANT, IS INDEBTED TO COMMONWEALTH OF
KENTUCKY, EX REL., DIVISION OF UNEMPLOYMENT INSURANCE FOR BENEFITS ERRONEOUSLY PAID INCLUDING
INTEREST AND PENALTIES.

A LIEN ON ALL PROPERTIES OF SUCH CLAIMANT, CREATED BY KRS 341.415 IN FAVOR OF THE DIVISION OF EMPLOYMENT
INSURANCE, EXISTS ON ACCOUNT OF SUCH INDEBTEDNESS.

KRS 341.415 PROVIDES THAT: IF THE BENEFITS PAID WERE THE RESULT OF A FALSE STATEMENT, MISREPRESENTATION, OR
CONCEALMENT OF MATERIAL INFORMATION BY THE RECIPIENT, INTEREST AT THE RATE OF 1.5% PER MONTH OR ANY PART
THEREOF MAY BE IMPOSED ON AND ADDED TO THE UNPAID BALANCE UNTIL THE OVERPAYMENT IS PAID IN FULL.

UPON REQUEST, THE DIVISION OF UNEMPLOYMENT INSURANCE WILL DISCLOSE THE SPECIFIC AMOUNT OF OVERPAID
BENEFITS, INTEREST AND PENALTY TO ANY INTERESTED PARTY LEGALLY ENTITLED TO SUCH INFORMATION. INQUIRY
SHOULD BE MADE TO THE BENEFIT BRANCH TELEPHONE NUMBER (502) 564-2387.

THIS NOTICE OF LIEN HAS BEEN PREPARED AND EXECUTED BY THE UNDERSIGNED IN THE PERFORMANCE OF HIS OFFICIAL
DUTIES IN THE ADMINISTRATION OF KRS CHAPTER 341

                                          DIVISION OF UNEMPLOYMENT INSURANCE
                                          BY _____
                                             275 E. MAIN ST., FRANKFORT, KY. 40621

FILED THIS ____ DAY OF _____ 20___ AT ___ M. IN _____
COUNTY COURT CLERK_____ BOOK _____ PAGE _____

INSTRUCTION TO THE COUNTY COURT CLERK: REQUEST IS HEREBY MADE TO RECORD THIS NOTICE OF LIEN IN ACCORDANCE
WITH KRS 341.310. MAIL ONE COPY OF RECORDED NOTICE OF LIEN SHOWING BOOK & PAGE NUMBER WHERE LODGED, ALONG
WITH LIEN SUMMARY REPORTS FOR PAYMENT OF RECORDING FEE, TO: CABINET FOR HUMAN RESOURCES BUILDING, DIVISION
OF UNEMPLOYMENT INSURANCE, BENEFIT BRANCH, FRANKFORT, KENTUCKY 40621.

DOCUMENT NO: 1531503
RECORDED:December 16, 2015  08:55:00 AM
TOTAL FEES: 13.00
COUNTY CLERK: DAVID "PIP" OSBORNE
DEPUTY CLERK: ROBB RODGERS
COUNTY: DAVIESS COUNTY
BOOK: MC233      PAGES: 803 - 803

Printed on: 8/14/2019 8:39 AM Printed By: WHP

Exhibit E

DAVIESS COUNTY
**MC237   PG130**

NO. 16CI22

DAVIESS CIRCUIT COURT
DIVISION

CACH, LLC
4340 South Monaco Street
2nd Floor
Denver, CO 80237

PLAINTIFF

vs.

### NOTICE OF JUDGMENT LIEN

WILLIAM BOOTH

DEFENDANT

* * * * * *

Take notice that the above referenced Plaintiff obtained a Judgment against the above referenced Defendant in the above Court, for the sum of $10,667.48 with interest accruing at the rate of 12% per annum from March 1, 2016, plus all costs expended, and as security for said Judgment levies on all of the right, title and interest of the Defendant, WILLIAM BOOTH, in and to any real property located in DAVIESS County, Kentucky.

### NOTICE

**NOTICE TO JUDGMENT DEBTOR**  You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice.

KRS 427.060: "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000.00 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed on ___MAR 1 0 2016___ to WILLIAM BOOTH, at the last known address, in compliance with KRS 426.720(2).

ATTORNEY FOR THE PLAINTIFF:

PREPARED BY:

_Mail_

DAVID M. KNIGHTS
TAYLOR LAW, PLLC
P.O. Box 436709
Louisville, KY 40253-6709
877-893-9166

DAVID M. KNIGHTS
TAYLOR LAW, PLLC
P.O. Box 436709
Louisville, KY 40253-6709
877-893-9166

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
120022109953 /50686/KYLIEN/KW

DOCUMENT NO: 1546896
RECORDED:March 22, 2016   08:45:00 AM
TOTAL FEES: $13.00
COUNTY CLERK: DAVID "MC" OSBORNE
DEPUTY CLERK: COLLEEN LINHAM
COUNTY: DAVIESS COUNTY
BOOK: MC237   PAGES: 130 - 130

_Exhibit F_

No. 16-C-00148                                                    DAVIESS DISTRICT COURT
                                                                               DIVISION

ATLANTIC CREDIT & FINANCE                                                      PLAINTIFF
SPECIAL FINANCE UNIT, LLC (ACF)Care Of
Lloyd & McDaniel
P.O. Box 23200
Louisville, KY 40223-0200                                          DAVIESS COUNTY
                          **NOTICE OF JUDGMENT LIEN**               MC240   PG671

vs.

WILLIAM BOOTH a/k/a                                                           DEFENDANT
WILLIAM S BOOTH JR

                                    * * * * * * * *

        Take notice that the above referenced Plaintiff obtained a Judgment against the above referenced
Defendant in the above Court, for the sum of $1,248.08 with interest accruing at the rate of 12% per annum
from August 10, 2016, plus all costs expended, and as security for said Judgment levies on all of the right,
title and interest of the Defendant, WILLIAM BOOTH a/k/a
WILLIAM S BOOTH JR, in and to any real property located in Daviess County, Kentucky.

                                        **NOTICE**

        **NOTICE TO JUDGMENT DEBTOR**   You may be entitled to an exemption under KRS 427.060,
reprinted below.  If you believe you are entitled to assert an exemption, seek legal advice.

        KRS 427.060: "In addition to any exemption of personal property, an individual debtor's aggregate
interest, not to exceed $5,000.00 in value, in real or personal property that such debtor uses as a dependent of such
debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such
debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by
the owner of a homestead or for purchase money due thereon.  This exemption shall not apply if the debt or
liability existed prior to the purchase of the property or the erection of the improvements thereon."

                              **CERTIFICATE OF SERVICE**

        This is to certify that a copy of the foregoing was mailed on _____ to WILLIAM BOOTH
a/k/a
WILLIAM S BOOTH JR, at the last known address, in compliance with KRS 426.720(1)(c).

**ATTORNEY FOR THE PLAINTIFF:**                    **PREPARED BY:**


_____                            _____
Katie Carbone                                      Katie Carbone
LLOYD & McDANIEL, PLC                               LLOYD & McDANIEL, PLC
P.O. Box 23200                                     P.O. Box 23200
Louisville, KY 40223-0200                          Louisville, KY 40223-0200
(502) 585-1880                                     (502) 585-1880

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
C380700/P603XA/CJB

DOCUMENT NO: 1561457
RECORDED: September 26, 2016   09:30:00 AM
TOTAL FEES:             $12.00
COUNTY CLERK: DAVID "ED" OSBORNE
DEPUTY CLERK: DENISE CAMPBELL
COUNTY: DAVIESS COUNTY
BOOK: MC240   PAGES: 671 - 671

Exhibit 6

**LIEN FOR COMMON EXPENSES**

DAVIESS COUNTY
**MC245  PG794**

IN RE:    COSTS FOR MAINTENANCE

Comes now the undersigned and pursuant to the authority of KOC 1-2017 states that the requirements set forth in said ordinance have been complied with and the undersigned asserts on behalf of the Daviess County Fiscal Court, a lien in the amount of $ 135.00, plus interest at the rate of 8 percent (8%) per annum and its costs as provided in said ordinance, against the property described in deed dated May, 2009, of record in Deed Book 861, at Page 291, owner of record being William S. Booth Jr., 4627 Mill Spring Cir., Owensboro, KY 42303, in the office of the Daviess County Clerk.

This lien covers unpaid costs of mowing, labor and equipment at 4627 Mill Spring Cir., Owensboro, KY 42303, plus interest and costs of filing this lien.

The undersigned further states that there are no just credit or set-offs known to him.

Daviess County Fiscal Court

BY: _____
Jim Hendrix, Treasurer

Subscribed and sworn to before me by Jim Hendrix, on this the 20th day of June, 2017.

_____
Notary Public
Kentucky State-at-Large
My Commission expires: 10/19/19
Notary ID 544207

PREPARED BY: _____
Claud Porter
Daviess County Attorney
270-685-8442

Exhibit H

**DREAM VISIONS LANDSCAPING**
1599 Graves Lane
Maceo, KY 42355
Phone# (270)315-9218
Email: DreamVisionsLandscaping@Gmail.com

# INVOICE

| DATE |
| --- |
| 6/14/2017 |

DAVIESS COUNTY
**MC245   PG795**

| To: |
| --- |
| Mike Hamilton<br>7772 Hwy 815<br>Owensboro, KY 42301 |

COPY

| Job Description | Amount |
| --- | --- |
| FOR: 4627 Mill Spring Circle, Owensboro, KY 42302 | |
| Lawn Care: (3/hrs.) – Mowing, trimming and removing rubbish from property. | $ 135.00 |
| DOCUMENT NO: 1587563<br>RECORDED: June 21, 2017  10:04:00 AM<br>TOTAL FEES: $12.00<br>COUNTY CLERK: DAVID "OZ" OSBORNE<br>DEPUTY CLERK: PALMER DEMPSEY<br>COUNTY: DAVIESS COUNTY<br>BOOK: MC245   PAGES: 794 - 795 | |
| **Total Bill** | $ 135.00 |

DAVIESS COUNTY
**MC246    PG245**

### LIEN FOR COMMON EXPENSES

IN RE:    COSTS FOR MAINTENANCE

Comes now the undersigned and pursuant to the authority of KOC 1-2017 states that

the requirements set forth in said ordinance have been complied with and the undersigned

asserts on behalf of the Daviess County Fiscal Court, a lien in the amount of $ 90.00, plus

interest at the rate of 8 percent (8%) per annum and its costs as provided in said

ordinance, against the property described in deed dated May, 2009, of record in Deed

Book 861, at Page 291, owner of record being William S. Booth Jr., 4627 Mill Spring

Cir., Owensboro, KY 42303, in the office of the Daviess County Clerk.

This lien covers unpaid costs of mowing, labor and equipment at 4527 Mill Spring

Cir., Owensboro, KY 42303, plus interest and costs of filing this lien.

The undersigned further states that there are no just credit or set-offs known to him.

Daviess County Fiscal Court

BY: _____
Jim Hendrix, Treasurer

Subscribed and sworn to before me by Jim Hendrix, on this the 17th day of July, 2017.

_____
Notary Public
Kentucky State-at-Large
My Commission expires: 10/19/19
Notary ID 544201

PREPARED BY:

_____
Claud Porter
Daviess County Attorney
270-685-8442

Exhibit I

DAVIESS COUNTY
**MC246    PG246**

## INVOICE

**DREAM VISIONS LANDSCAPING**
1599 Graves Lane
Maceo, KY 42355
Phone# (270)315-9218
Email: DreamVisionsLandscaping@Gmail.com

| DATE |
|------|
| 7/10/2017 |

| To: |
|-----|
| Mike Hamilton |
| 7772 Hwy 815 |
| Owensboro, KY 42301 |

| Job Description | Amount |
|----------------|--------|
| FOR: 4627 Mill Spring Circle, Owensboro, KY 42303 | |
| Lawn Care:   (2/hrs.) – Mowing, trimming and removing dead tree from property. | $ 90.00 |
| DOCUMENT NO: 1509931 RECORDED:July 18,2017  08:30:00 AM TOTAL FEES:        $13.00 COUNTY CLERK: DAVID "RAY" OSBORNE DEPUTY CLERK: AMT FORREST COUNTY: DAVIESS COUNTY BOOK: MC246    PAGES: 245 - 246 | |
| **Total Bill** | $ 90.00 |

DAVIESS COUNTY
**MC247   PG103**

### LIEN FOR COMMON EXPENSES

IN RE:   COSTS FOR MAINTENANCE

    Comes now the undersigned and pursuant to the authority of KOC 1-2017 states that

the requirements set forth in said ordinance have been complied with and the undersigned

asserts on behalf of the Daviess County Fiscal Court, a lien in the amount of $ 90.00 plus

interest at the rate of 8 percent (8%) per annum and its costs as provided in said

ordinance, against the property described in deed dated May, 2009, of record in Deed

Book 861, at Page 291, owner of record being William S. Booth Jr., 4627 Mill Spring

Cir., Owensboro, KY 42303, in the office of the Daviess County Clerk.

    This lien covers unpaid costs of mowing, labor and equipment at 4627 Mill Spring

Cir., Owensboro, KY 42303, plus interest and costs of filing this lien.

    The undersigned further states that there are no just credit or set-offs known to him.

Daviess County Fiscal Court

BY: _____
    Jim Hendrix, Treasurer

Subscribed and sworn to before me by Jim Hendrix, on this the _22_ day of August,
2017.

_____
Notary Public
Kentucky State-at-Large
My Commission expires: _10/19/19_
Notary ID _541207_

PREPARED BY:

_____
Claud Porter
Daviess County Attorney
270-685-8442

Exhibit J

DAVIESS COUNTY
**MC247  PG104**
INVOICE

**DREAM VISIONS LANDSCAPING**
1599 Graves Lane
Maceo, KY 42355
Phone# (270)315-9218
Email: DreamVisionsLandscaping@Gmail.com

| DATE |
|------|
| 8/19/2017 |

| To: |
|-----|
| Mike Hamilton
7772 Hwy 815
Owensboro, KY 42301 |

| Job Description | Amount |
|----------------|--------|
| FOR: <u>4627 MILL SPRING CIRCLE, OWENSBORO, KY 42303</u> | |
| Lawn Care:  (2/hr.) – Mowing, trimming and hard surface blowing. | $ 90.00 |
| DOCUMENT NO: 1593454
RECORDED:August 22,2017  02:21:00 PM
TOTAL FEES:       $13.00
COUNTY CLERK: DAVID "OZ" OSBORNE
DEPUTY CLERK: AMY FORREST
COUNTY: DAVIESS COUNTY
BOOK: MC247    PAGES: 103 - 104 | |
| **Total Bill** | $ 90.00 |